**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Dr. Gerson Jimenez, as Medical Director of Hospital Episcopal San Lucas Guayama | Civil No. |
| *Plaintiff* | **Breach of Contract; Damages; Declaratory Judgment** |
| *vs.* | |
| Liberty Mutual Insurance Company | |
| *Defendant* | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** the undersigned attorney on behalf of Plaintiff Dr. Gerson Jimenez, as Medical Director of Hospital Episcopal San Lucas Guayama (hereinafter referred to as "Dr. Jimenez") and, very respectfully, states, alleges and prays as follows:

**THE PARTIES**

1.1  The plaintiff, Dr. Gerson Jimenez, is and was, at all relevant time, the Medical Director of Hospital San Lucas Guayama. Plaintiff is a resident of Puerto Rico.

1.2  As Medical Director of Hospital San Lucas Guayama, he is considered an "insured" pursuant to the terms and conditions of the executive advantage policy #

VKU-1000883-11, issued by Liberty Mutual Insurance Company, which covers the acts and/or omissions of the Directors and Officers of Hospital Episcopal San Lucas Guayama.

1.3 Defendant Liberty Mutual Insurance Company ("Liberty") is a corporation organized under the laws of the state of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts, 02117, and is a citizen of Massachusetts.

## II. JURISDICTION AND VENUE

2.1 This Honorable Court has jurisdiction of the present civil action pursuant to 28 USC sec. 1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and cost, and arises between citizens of different states.

2.2 Venue of this action is proper in this judicial district under 28 USC sec. 1391 (a).

2.3 This is also an action for declaratory relief under the Federal Declaratory Judgment Act, 28 USC sec. 2201, and Rule 57 of the Federal Rules of Civil Procedure.

## III. THE INSURANCE POLICY

3.1 Liberty issued executive advantage policy # VKU-1000883-11 which covers the acts and/or omissions of the Directors and Officers of Hospital Episcopal San Lucas

Guayama including the omissions of Dr. Gerson Jimenez as the Hospital's Medical Director.

3.2  The policy's effective date is November 30th, 2011 through November 30th, 2012, with a prior litigation date of November 30th, 2008.

3.3  The policy's limits of liability are $5,000,000.00 in any one Claim for the Policy Period and in the Aggregate for the Policy Period.

### IV. THE UNDERLYING ACTION

4.1  On October 24th, 2012, a Third Amended Complaint was filed in Civil Case No. 11-1278, before the US District Court for the District of Puerto Rico, in which instant case was brought against, *inter alios*, Dr. Gerson Jimenez.

4.2  The aforementioned co-defendant made his first appearance on April 4th, 2013 with his Answer to the Third Amended Complaint (hereinafter "the Complaint").

4.3  The allegations raised in the Complaint against Dr. Gerson Jimenez are not made in his capacity as a physician, but rather in his capacity as Medical Director of Hospital Episcopal San Lucas Guayama.

4.4  As such, Plaintiffs allege that their damages are a direct consequence of the grossly negligent performance and/or non-performance by Dr. Gerson Jiménez of his duties

and obligations as Medical Director of Hospital Episcopal San Lucas Guayama.

4.5  Dr. Jimenez has denied and continues to deny the allegations of liability, per his Answer to the Third Amended Complaint.

4.6  Notwithstanding, and even though the allegations raised in the Complaint against Dr. Jimenez are strictly in his capacity of Medical Director, Liberty has denied coverage of any and all claims against Dr. Jimenez.

4.7  Liberty was informed of the allegations raised by Plaintiffs on February 28th, 2012.

4.8  Albeit the numerous letters sent giving notice of the lawsuit to Liberty, as well as formal demands requesting coverage and indemnification, Liberty is still adamant in its position to deny coverage.

## V.  FIRST CAUSE OF ACTION

5.1  Based on the terms and conditions of the insurance agreement, Dr. Gerson Jimenez seeks a declaration of his rights, pursuant to 28 USC secs. 2201-2202, that he is entitled to insurance coverage under the policy.

5.2  A real and actual controversy exists between the parties to this action, which is concrete and justiciable in character, and as to which each party possesses an interest in resolving.

5.3 The controversy between the parties warrants relief declaring the rights of the parties pursuant to 28 USC secs. 2201-2202, and a finding that Dr. Gerson Jimenez should be afforded coverage and indemnification under the insurance agreement.

## VI.   BREACH OF CONTRACT AND BAD FAITH

6.1 The denial of coverage under the insurance agreement constitutes a breach of contract under Puerto Rico Law.

6.2 Moreover, Liberty has willfully denied coverage without a reasonable basis in fact or law for the denial.

6.3 The insurer has acted in bad faith by denying coverage to a case that clearly falls within the scope of the terms and conditions of the insurance agreement.  As previously stated, 1.) Dr. Gerson Jimenez is the Medical Director of Hospital Episcopal San Lucas; 2.) He is being sued in his capacity as Medical Director; 3.) The claim against him was made within the policy period and; 4.) All claims alleged against him arise out of acts and/or omissions as Medical Director.

6.4 The denial of coverage has exposed and is currently exposing the Plaintiff to a multimillion dollar claim that has caused, and is still causing him severe emotional distress.

6.4 Dr. Geron Jimenez's damages, as a result of Liberty's breach of contract and bad faith practices, are estimated in an amount no less than $1,000,000.00.

### VII. PRAYER FOR RELIEF

**WHEREFORE,** the appearing party respectfully requests that the Honorable Court grant the present Complaint and, as such, grant the following: 1.) A declaration that Dr. Gerson Jimenez should be afforded coverage under the insurance agreement with Liberty Mutual; 2.) an award to Dr. Jimenez for damages suffered as a result of the breach of contract and bad faith denial of coverage by Liberty Mutual; and 3.) an award to Dr. Gerson Jimenez of his costs and expenses of litigation, including reasonable attorney's fees and any further relief as this Court may deem just and proper under the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of August 2013.

**GONZÁLEZ & MARTÍNEZ**
PO Box 193384
San Juan, PR 009193384
Tel.: (787) 274-7404
Fax:  (787) 767-3175
email: jmartinez@fgm-law.com


**S/JUAN M. MARTÍNEZ NEVÁREZ**
**JUAN M. MARTÍNEZ NEVÁREZ**
USDCPR 221108